# **EXHIBIT A**

## **State Court Record**

# Mississippi Electronic Courts
## Nineteenth Circuit Court District (Jackson County Court)
## CIVIL DOCKET FOR CASE #: 30CO1:25-cv-20391-MW

JOHNSON v. CITY OF MOSS POINT, JACKSON
COUNTY MS
Assigned to: Mark Watts

**Upcoming Settings:**

None Found

Date Filed: 03/11/2025
Current Days Pending: 34
Total Case Age: 34
Jury Demand: None
Nature of Suit: Other Torts (175)

---

### Plaintiff

**TONI NETTLES JOHNSON**
503 26TH ST
GULFPORT, MS 39507

represented by **W Harvey Barton, II**
Barton Law Firm PLLC
3007 Magnolia Street
PASCAGOULA, MS 39567
228-769-2070
Fax: 228-769-1992
Email: harvey@wbartonlaw.com
*ATTORNEY TO BE NOTICED*

V.

### Defendant

**CITY OF MOSS POINT, JACKSON
COUNTY MS**
603 WATTS AVE
PASCAGOULA, MS

| Date Filed | # | Docket Text |
|---|---|---|
| 03/11/2025 | 1 | Civil Cover Sheet. (ORyan, Dana) (Entered: 03/12/2025) |
| 03/11/2025 | 2 | COMPLAINT against CITY OF MOSS POINT, JACKSON COUNTY MS, filed by TONI NETTLES JOHNSON. (ORyan, Dana) (Entered: 03/12/2025) |
| 03/14/2025 | 3 | SUMMONS Issued to CITY OF MOSS POINT, JACKSON COUNTY MS. (ORyan, Dana) (Entered: 03/14/2025) |
| 03/19/2025 | 4 | SUMMONS Returned Executed by TONI NETTLES JOHNSON. CITY OF MOSS POINT, JACKSON COUNTY MS served on 3/17/2025, answer due 4/16/2025. Service type: Personal (Barton, W Harvey) (Entered: 03/19/2025) |

| MEC Service Center | | | |
|---|---|---|---|
| **Transaction Receipt** | | | |
| 04/14/2025 14:16:04 | | | |
| **You will be charged $0.20 per page to view or print documents.** | | | |
| **MEC Login:** | as9466M | **Client Code:** | T Johnson |
| **Description:** | Docket Report | **Search Criteria:** | 30CO1:25-cv-20391-MW |
| **Billable Pages:** | 1 | **Cost:** | 0.20 |

# COVER SHEET

**Court Identification Docket #** | **Case Year** | **Docket Number**

## Civil Case Filing Form

*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Court Identification Docket #:

County # `3 0`  Judicial District `C b`  Court ID (CH, CI, CO)

Month `0 3`  Date `1 1`  Year `2 5`

Case Year: `2 0 2 5`

Docket Number: `2 0 3 9 1`

Local Docket ID

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

This area to be completed by clerk

Case Number if filed prior to 1/1/94

In the COUNTY Court of JACKSON County — Judicial District

## Origin of Suit (Place an "X" in one box only)

- [X] Initial Filing
- [ ] Reinstated
- [ ] Remanded
- [ ] Reopened
- [ ] Foreign Judgment Enrolled
- [ ] Joining Suit/Action
- [ ] Transfer from Other court
- [ ] Appeal
- [ ] Other

## Plaintiff - Party(ies) Initially Bringing Suit Should Be Entered First - Enter Additional Plaintiffs on Separate Form

**Individual** Johnson (Last Name)   Toni (First Name)   Nettles (Maiden Name, if applicable)   M.I.   Jr/Sr/III/IV

_ Check ( x ) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

_ Check ( x ) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity
D/B/A or Agency ____

**Business**

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_ Check ( x ) if Business Plaintiff is filing suit in the name of an entity other than the above, and enter below:
D/B/A ____

**Address of Plaintiff** 503 26th Street, Gulfport, MS 39507

**Attorney (Name & Address)** W. Harvey Barton, 3007 Magnolia Street, Pascagoula, MS 39567    **MS Bar No.** 2104

_ Check ( x ) if Individual Filing Initial Pleading is NOT an Attorney
Signature of Individual Filing: *W. Harvey Barton*

## Defendant - Name of Defendant - Enter Additional Defendants on Separate Form

**Individual** (Last Name)   (First Name)   (Maiden Name, if applicable)   M.I.   Jr/Sr/III/IV

_ Check ( x ) if Individual Defendant is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style:
Estate of ____

_ Check ( x ) if Individual Defendant is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity:
D/B/A or Agency ____

**Business** City of Moss Point, Jackson County, MS

Enter legal name of business, corporation, partnership, agency - If Corporation, indicate the state where incorporated
_ Check ( x ) if Business Defendant is acting in the name of an entity other than the above, and enter below:
D/B/A ____

**Attorney (Name & Address) - If Known**    **MS Bar No.**

_ Check ( x ) if child support is contemplated as an issue in this suit.*
*If checked, please submit completed Child Support Information Sheet with this Cover Sheet

## Nature of Suit (Place an "X" in one box only)

### Domestic Relations
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce:Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other ____

### Appeals
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other ____

### Business/Commercial
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other ____

### Probate
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Will Contest
- [ ] Alcohol/Drug Commitment (Involuntary)

- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other

### Children/Minors - Non-Domestic
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other ____

### Civil Rights
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other ____

### Contract
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other ____

### Statutes/Rules
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other ____

### Real Property
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other ____

### Torts
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [ ] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [X] Other Torts Claim

COUNTY - CIVIL    HANDED ☐
No. 72819          MAILED ☐    Date

Received Of _Barton Law_

Cause No. _25-20,391_

For: Clerk's Fees........................................$85.00
    JSO Fund............................................$40.00
    Steno Tax...........................................$10.00
    Jury Tax..............................................$3.00
    Law Library.........................................$2.50
    SCEF..................................................$2.00
    Court Adm. Fund.................................$2.00
    CECSF...............................................$10.00
    CLAF...................................................$5.00
    SCCF..................................................$0.50
    RM FEE...............................................$1.00
    Copy of Summons Return..................._____
    Other Advance Cost............................
    TOTAL...............................................$_161_

Total
Amount Paid $ _161.00_    Check No. _25981_

For _Complaint_

**RANDY CARNEY**
CIRCUIT CLERK OF JACKSON COUNTY

By _Dana O'Bryan_
DEPUTY CIRCUIT CLERK

IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

TONI NETTLES JOHNSON                                            PLAINTIFF

**FILED**

VERSUS                          MAR 1 1 2025          CAUSE NO. CO-2025-20,391

RANDY CARNEY, CLERK

BY_____D.C.

CITY OF MOSS POINT, JACKSON COUNTY, MS                          DEFENDANT

---

## COMPLAINT

---

COMES NOW, the Plaintiff, **TONI NETTLES JOHNSON**, by and through her undersigned attorney of record and files this her Complaint against the Defendant, CITY OF MOSS POINT, JACKSON COUNTY, MS, and in support thereof, the Plaintiff would show unto the Court the following matters and facts:

I.

The Plaintiff, **TONI NETTLES JOHNSON**, is an adult resident citizen of Harrison County, Mississippi, residing at 503 26th Street, Gulfport, MS 39507.

II.

The Defendant, **CITY OF MOSS POINT, JACKSON COUNTY, MS**, (hereinafter "the City") is a political subdivision of the State of Mississippi, which may receive lawful service of process by this Honorable Court by serving a Summons and copy of the Complaint upon either the mayor, Billy E. Knight, Sr., or the Municipal City Clerk, 603 Watts Avenue, Pascagoula, MS, in the form and manner provided by law.

### JURISDICTION

III.

That jurisdiction and venue are proper in the County Court of Jackson County, Mississippi, since the cause of action arose or accrued in Jackson County, Mississippi. *See*, Miss. Code Ann. §11-11-3.

## COUNT I

## FACTS

IV.

On March 21, 2023, the decision was made by the City of Moss Point, Moss Point Mayor

Billy E. Knight, Sr., and the Board of Alderpersons against Toni Nettles Johnson, in which the City

deemed her property located at **4237 Walter Street, Moss Point (Property ID# 20130390.000)**

**Pascagoula, MS**, as "a menace to public health, safety, and welfare."

V.

Per the Affidavit of Elizabeth Dill, Compliance Officer, dated March 7, 2023, ...

A.  That a copy of the legal notice, concerning the hearing date for the above-mentioned address, was sent to each person showing ownership by Certified mail, notifying them of the hearing before the Mayor and Board of Alderpersons on **March 21st, 2023** at **5:00 PM**, at Moss Point City Hall located at 4320 McInnis Avene Board Room. Said **March 1st, 2023**.

B.  That the posting requirements of Mississippi Code 21-19-1 and the Moss Point Building Department have been complied with by placing the customary public notice at City Hall and on the subject property **City Hall: March 2nd, 2023; Property: March 1st, 2023**.

As there were no occupants in the house at the time the notice would have been sent via

Certified mail, there exists no proof of a signed "Return Receipt" and none was included or made

part of the Affidavit.

Per page 2, of said **LEGAL NOTICE**, states as follows:

Notice is hereby given in compliance with the requirements of Section 21-19-11, of the Mississippi State Code of 1972 and the City of Moss Point Building Department, that a public hearing will be held before the Mayor and Board of Alderpersons relating to the property located at:

**PIDN:**             **ADDRESS:**
**20130390.000**       **4237 Walter Street, Moss Point, MS 39563**

The legal notice has been posted at City Hall, the property in question, and mailed to the property owner as required by law.

This hearing is to determine if the property or parcel of land located in the City of Moss Point is in such a state of uncleanliness as to be adjudicated a Menace to Public Health, Safety, and Welfare of those of the City, pursuant to the requirements of Section 21-19-11 of the Mississippi State Code of 1972....

*See,* Affidavit attached hereto as Exhibit "A."

VI.

That the City of Moss Point violated a statutory right of Mrs. Johnson by failing to follow the strict protocols of Mississippi Code Title § 21-19-11, subparagraph (1)(a) which requires notice shall be provided to the property owner by:

"(a) United States mail two (2) weeks before the date of the hearing mailed to the address of the subject property **AND** [emphasis mine] to the address where the ad valorem tax notice for such property is sent by the office charged with collecting ad valorem tax;"

That, in fact, the Notice was sent by Certified mail only to the address of 4237 Walter Street, addressed to "Toni Nettles Johnson & Current Occupants." The City failed to send the Notice to the address, "where the ad valorem tax notice for such property is sent by the office charged with collecting ad valorem tax;"in strict violation of the code and as such, the combination of this failure to provide statutory notice is a violation of her due process statutory rights. Mrs. Johnson can show that the Jackson County Real Property Notices have been sent to her permanent residence of 503 26th Street, Gulfport, MS 39507-1718, for several years. *See*, Jackson County Real Property Notice for 2023, attached hereto as Exhibit "B."

VII.

That the Resolution of the Second Regular Session of the Mayor and Board of the City of Moss Point, Mississippi, Tuesday, March 21, 2023, at 6:00 P.M., states on page 6 of 15, the following:

"For the following properties, the owner is granted thirty (30) days to pull a repair permit, present a construction/renovation plan to the building department, present a cost estimate to make the repairs noted in the plan, and present proof of their ability to pay for such repairs. The repair plan, cost, and ability to pay shall be reviewed and accepted or denied by the building official in his sole discretion. If all the above is presented, then the owner shall have six (6) months under the permit to complete the renovation. If any of the above is not presented in thirty (30) days, then the City will proceed with demolition and cleanup and assess costs as a judgment and place on the tax rolls for collection:"

1.  3715 Sherlawn Drive
2.  4019 Carroll Street
**3.  4237 Walter Street**
4.  5425 Frederick Street
5.  3824 Macphelah Road

After several attempts, Mrs. Johnson obtained Building Permit Number: RBLD 05-2023-00900, on May 8, 2023, for repairs to begin on the property. *See*, Exhibit "C." On April 19, 2023, she paid Hunter Wood Work and Supply of 2212 Hewes Avenue, Gulfport, MS 39507, to begin repairs on the house in the amount of $2,500.00. *See*, Exhibit "D." and again on April 28, 2023, to replace the roof in the amount of $7,350.00. *See*, Exhibit "E." She made another payment on May 31, 2023, to Mr. Hunter in the amount of $1,000.00. *See*, Exhibit "F."

## VIII.

That unbeknownst to Mrs. Johnson, another letter was sent Certified Mail to the address and dated November 8, 2023, which stated,

> "This letter is a courtesy letter to inform you that the property listed above has not met the requirements set forth by the Mayor and Board of Aldermen for the City of Moss Point on March 21st, 2023.
>
> Since no action has been taken on this property, the City of Moss Point will proceed with the demo and cleanup of the property listed above.
>
> Attached is the Resolution and Order set on March 21st, 2023, by the Mayor and Board of Aldermen for the City of Moss Point."

*See*, Exhibit "G." Again, there is no evidence of a "Return Receipt" which would show that Mrs. Johnson ever received the document.

## IX.

On December 13, 2023, Mrs. Johnson's daughter, Marcia Johnson, received a phone call from Shirley Chambers, whom she use to work for, that her mother's house was being demolished by Talley Construction. Mrs. Johnson's brother, Alford Nettles, was also contacted by Mr. Willie Nettles that the house was being demolished.

## X.

That in violation of the constitutional rights of the Plaintiff, the City of Moss Point then condemned the property by letter dated November 8, 2023, and without notice, began demolition of the house on December 13, 2023. The reasons for condemnation are listed at this point in time in the record pursuant to that notice, and include a dilapidated structure, multiple building code violations, unsafe/uninhabitable conditions and for public menace. That the condemnation was without due

process of law and that no opportunity was afforded the Plaintiff to make corrections to any of the problems on the property before the property was in fact condemned.

XI.

That the City of Moss Point violated a statutory right of the Plaintiff by failing to follow the strict protocols of Mississippi Code Title § 21-19-11, subparagraph (1)(a) which requires notice shall be provided to the property owner by:

"(a) United States mail two (2) weeks before the date of the hearing mailed to the address of the subject property **AND** [emphasis mine] to the address where the ad valorem tax notice for such property is sent by the office charged with collecting ad valorem tax;"

That, in fact, the Notice is designated as part of the record as Exhibit "A," was sent only to the attention of the property owner, The City failed to send the Notice to the property address, in strict violation of the code and as such, the combination of this failure to provide statutory notice is a violation of her due process statutory rights.

Mississippi Code § 21-19-11 (1) (b) provides that,

"Posting of the notice for at least two (2) weeks before the date of the hearing on the property or parcel of land alleged to be in need of cleaning and at city hall or another place in the municipality where such notices are posted"

That the record is void of any such posting of the Notice at the City Hall or another place in the municipality where such notices are posted. The record shows only a posting of the Notice at the property address itself, which is a violation of the statutory provisions, and consequently, a deprivation of the property rights of the Appellant without due process of law.

XII.

That the City by then declaring the property be condemned and then traveled under the statute being Mississippi Code § 21- 19-11, by trying to claim that the property was then "abandoned or dilapidated." The statue specifically says,

"If, at such hearing, the government authority shall adjudicate the property or parcel of land in its then condition to be a menace to the public health, safety and welfare of the community, the governing authority, if the owner does not do so himself, shall proceed to clean the land, by the use of municipal employees or by contract, by cutting grass and weeds; filling cisterns; removing rubbish, abandoned or dilapidated fences, outside toilets, **abandoned or dilapidated buildings**, slabs, personal

property, which removal of personal property shall not be subject to the provisions of Section 21-39-21." [emphasis mine).

### XIII

That while the property was shown to be "abandoned or dilapidated," the record is completely void of any evidence that the property was dilapidated. The pictures suggest repairs had began on the property, but none of the needed repairs would render the property in a state to be so dilapidated that must be torn down. The record is void of such evidence. The property was demolished due to the failure of the City to provide notice to the Plaintiff and is a direct violation of the nature and intent of the statute.

### XIV.

That the Notice given to the property owner was sent by certified mail to a vacate house and could not serve as a statutory notice under the law.

### XV.

That under the Uniform Municipal Building Code, an opportunity to repair must be given.

**Section 108.7. Record.**

"The code official shall cause a report to be filed on an unsafe condition. The report shall state the occupancy of the structure and the nature of the unsafe condition."

That the intent of Section 108 as provided, is about reasonable notice to the property owners who shall be given an opportunity having once been served with notice of a deteriorating condition to the property, to abate and improve the property. No such notice was given by the City, rather the City went immediately to a condemnation procedure without giving an opportunity to the property owner to be adequately notified as to what the violations of the Code were, so that they may apply the abatement methods set forth in Section 108. Likewise the City did not comply with the further provisions that refer to Code Section 107 in the Notice.

## COUNT II

### DEPRIVATION OF CIVIL RIGHTS (42 U.S.C. § 1983)

#### XVI.

At all times material hereto, the Defendant was vested with the state authority and the non-delegable responsibility of adhering to, complying with and enforcing the laws of the United States of America and the State of Mississippi. Consequently, while acting under color of state law, the Defendant commenced to engage in a course of conduct and to implement a policy, custom, use, plan or practice wherein the rights, privileges or immunities of the Plaintiff was violated. Specifically, the Defendant, engaged in a course of conduct that resulted in the violation of the Plaintiff's right to the equal protection of the laws of the United States of America pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America, and the corresponding provisions of the Constitution of the State of Mississippi; the right to procedural and substantive due process of the law pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi; the right to be protected from an unlawful taking of property without due process of law and without paying just compensation pursuant to the Fifth and Fourteenth Amendments to the Constitution of the United States of America and the corresponding provisions of the Constitution of the State of Mississippi. The violations complained of in this Complaint, include but are not limited to, deprivation of property.

#### XVII.

At all times material hereto, the Defendant, its agents, its representatives and employees acted pursuant to the policies, regulations and decisions officially adopted or promulgated by those persons whose acts may fairly be said to represent the official policy of or were pursuant to a governmental custom, usage or practice of the City of Moss Point, Mississippi.

## XVIII.

As a direct and approximate consequence of the Defendant's acts and omissions the Plaintiff was deprived of certain rights guaranteed by the Constitution of the United States of America, and the corresponding provisions by the Constitution of the State of Mississippi, and suffered immediate and irreparable injury to her property resulting in the deprivation of her constitutional rights, privileges, and immunities. As a direct result, the Plaintiff suffered from damages including taking of her property without due process of law and demolishing her house, so that she is entitled to a monetary judgment against the Defendant.

## XIX.

The Plaintiff states that this case does not exceed \$74,000.00, in value and disavows any damages above this amount including any costs, interests or attorney's fees.

## **ATTORNEY'S FEES**

## XX.

The Plaintiff contends that she is also entitled to the awarding of reasonable attorney's fees as a part of the costs of prosecuting the present cause of action pursuant to the *Civil Rights Attorney's Fees Award Act 42 U.S.C.* §1988.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays for the following relief:

(a) Enter a monetary judgment in favor of the Plaintiff of not over \$74,000.00, and against the Defendant for the actual or compensatory and presumed damages sustained by the Plaintiff pursuant to *42 U.S.C. § 1983,* for the violations of the Amendments to the Constitution of the United States of America, and the corresponding provisions of the Constitution of the State of Mississippi arising out of the facts and violation of duties, as described hereinabove for violation of State statutory law due to failure to provide adequate and timely notice, for which the Defendant should be held liable and responsible in an amount to be determined by the Court, plus all attorney's fees allowed by law and any other relief, general or specific, the Plaintiffs are entitled.

This the 11th day of March, 2025.

Respectfully submitted,

TONI NETTLES JOHNSON, PLAINTIFF

BY:  _____
W. HARVEY BARTON, MSB #2104

**BARTON LAW FIRM, PLLC**

W. Harvey Barton, MSB #2104
3007 Magnolia Street
Pascagoula, Mississippi 39567
Telephone: (228) 769-2070
Facsimile: (228) 769-1992
ATTORNEY FOR PLAINTIFF

**City of Moss Point**
4320 McInnis Avenue
Moss Point, Mississippi 39563

Telephone (228) 475-0300
Facsimile (228) 474-4520

## STATE OF MISSISSIPPI
## COUNTY OF JACKSON

IN THE MATER OF THE MENACE CASE OF:
**4237 WALTER STREET MOSS POINT, MS 39563**

NAME: **Toni Nettles Johnson**

## AFFIDAVIT

I, **Elizabeth Dill,** (Compliance Officer) do hereby swear or affirm, before a notary public, that the following is true:

    A. That a copy of the legal notice, concerning the hearing date for the above-mentioned address, was sent to each person showing ownership by
Certified mail, notifying them of the hearing before the Mayor and Board of Alderpersons on **March 21st, 2023**, at **5:00 PM**, at Moss Point City Hall located at 4320 McInnis Avenue Board Room. Said notice was mailed via certified mail to each of the property owners on **March 1st, 2023**.

    B. That the posting requirements of Mississippi Code 21-19-1and the Moss Point Building Department have been complied with by placing the customary public notice at City Hall and on the subject property
**City Hall: March 2nd, 2023; Property: March 1st, 2023**.

I understand I am swearing or affirming under oath the truthfulness of the claims made in this Affidavit.

Signature: *Elizabeth A Dill*        Date: 3/7/2023

## STATE OF MISSISSIPPI
## COUNTY OF JACKSON

    Sworn to (or affirmed) and subscribed before me this the 7th day of *March*, 2023, by *Elizabeth Dill* (name of person making statement).

SEAL/STAMP

*NOTARY PUBLIC*

STATE OF MISSISSIPPI
JILL COLEMAN
NOTARY PUBLIC
ID No. 219323
Commission Expires
July 20, 2024
JACKSON COUNTY

**TOGETHER FOR THE BEST MOSS POINT**
**WE ARE ALL IN THIS TOGETHER**
**BELIEVE**



1



**City of Moss Point**
4320 McInnis Avenue
Moss Point, Mississippi 39563

Telephone (228) 475-0300
Facsimile (228) 474-4520

# BEFORE THE MAYOR AND BOARD OF ALDERPERSONS OF THE CITY OF MOSS POINT, MISSISSIPPI

## IN THE MATTER OF THE MENACE CASE OF

## NAME: TONI NETTLES JOHNSON

### LEGAL NOTICE

Notice is hereby given in compliance with the requirements of Section 21-19-11of the Mississippi State Code of 1972 and the City of Moss Point Building Department, that a public hearing will be held before the Mayor and Board of Alderpersons relating to the property located at:

**PIDN:**
20130390.000

**ADDRESS:**
4237 Walter Street Moss Point, MS 39563

This legal notice has been posted at City Hall, the property in question, and mailed to the property owner as required by law.

This hearing is to determine if the property or parcel of land located in the City of Moss Point is in such a state of uncleanliness as to be adjudicated a Menace to Public Health, Safety, and Welfare of those in the City, pursuant to the requirements of Section 21-19-11 of the Mississippi State Code of 1972. An adjudication at the hearing that the property or parcel of land is in need of cleaning will authorize the Mayor and Board of Alderpersons to reenter the property or parcel of land for a period of one (1) year after the hearing without any further hearing, if notice is posted on the property or parcel of land and at the City Hall at least seven (7) days before the property or parcel of land is reentered for cleaning.

A public hearing on this issue will be held before the Mayor and Board of Alderpersons at **5:00 PM** on **MARCH 21, 2023**, at Moss Point City Hall located at 4320 McInnis Avenue in the Board Room, at which time and place any person desiring to be heard may be present.

**TOGETHER FOR THE BEST MOSS POINT**
**WE ARE ALL IN THIS TOGETHER**
**BELIEVE**

2

Jackson County Mississippi



# **Property** Link
## JACKSON COUNTY, MS

Current Date **3/ 9/2023**

**Tax Year 2022**

Records Last Updated **3/ 9/2023**

### PROPERTY DETAIL

**OWNER**  JOHNSON TONI NETTLES
4237 WALTER ST

MOSS POINT MS 39563

**ACRES :** .35
**LAND VALUE :** 4293
**IMPROVEMENTS :** 19046
**TOTAL VALUE:** 23339
**ASSESSED :** 3501

**PARCEL**  20130390.000
**ADDRESS**  4237 WALTER

### TAX INFORMATION

| YEAR 2022 | TAX DUE | PAID | BALANCE |
|---|---|---|---|
| COUNTY | 176.31 | 176.31 | 0.00 |
| CITY | 189.79 | 189.79 | 0.00 |
| SCHOOL | 205.51 | 205.51 | 0.00 |
| TOTAL | 571.61 | 571.61 | 0.00 |

**LAST PAYMENT DATE** 12 / 30 / 2022

### MISCELLANEOUS INFORMATION

| | | |
|---|---|---|
| **EXEMPT CODE** | | **LEGAL** BEG N/M PINE ISLAND RD (EXT) & |
| **HOMESTEAD CODE** | None | W |
| **TAX DISTRICT** | 2220 | /M WALTER ST N 101.5' W 160.3' |
| **PPIN** | 039786 | S |
| **SECTION** | 30 | 90' E 156.4' TO POB DB 587-66 |
| **TOWNSHIP** | 7 | 7 |
| **RANGE** | 5 | (189 Map759.30-03) |

**Book**          **Page**

PURCHASE COUNTY TAX SALE FILES

TAX SALES HISTORY, FOR UNPAID TAXES
| Year | Sold To | Redeemed Date/By |
|---|---|---|
| | **NO TAX SALES FOUND** | |

Back



**JACKSON COUNTY BOARD OF SUPERVISORS**
Planning Department - Code Enforcement

PHYSICAL ADDRESS: 2915 Canty St Suite Q | P.O. BOX 998 | PASCAGOULA, MS 39568
OFFICE: 228-769-3112 | FAX: 228-769-3312

February 3, 2023

Subject: Quote request for demolition and clean up

Request for quotes for the demolition and cleanup of the following property that
has been declared a Menace to Public Health and Safety. Asbestos containing
materials are not suspected. Demolition includes all building, structures,
driveways and manmade objects, removal, and disposal per Local, County, State
and DEQ requirements. This includes no burning or burying of debris. The site
must be returned to preconstruction condition. Contractor is responsible for
disconnection of power, water, or gas, if applicable. A permit must be acquired
form the JC Planning Department, at no charge.

Property address: **4237 Walter Street Moss Point, MS 39563**
**PIDN: 20130390.000**  # 200

A site visit is strongly recommended before preparing a quote. Upon completion
of the cleanup, an inspection will be made by the Planning Department before
release of payment.

If you need further information, please contact the Planning Department at 228-
769-3351.
**Quotes may be emailed, or brought in by March 13, 2023, by 12:00 PM.**

COMPANY: J E Talley Construction     PH: 229.762-0754
AUTHORIZED SIGNATURE: _____
QUOTE: 2900.00

Thank you,

Elizabeth Dill
Compliance Officer
228-769-4688

# Administrative Inspection Warrant

THE STATE OF MISSISSIPPI                    CITY COURT #_____

JACKSON COUNTY

CITY OF MOSS POINT

I, **Elizabeth Dill** (Compliance Officer), personally appeared before me and made oath that there is probable cause to believe violations of codes and ordinances adopted by the City of Moss Point exist of the premises located at: **4237 Walter Street Moss Point, MS 39563**; to wit: **House in derelict condition, need to photograph**.

**PIDN:**                                   **PROPERTY OWNER:**
**20130390.000**                            **TONI NETTLES JOHNSON**

You are therefore hereby commanded to access the property and make immediate inspection of said structures and property for picture taking purposes only, not to enter the structure, and property owners/occupants if present are hereby ordered by this Court to allow inspection and photographs by City Code Officials.

_Elizabeth a. Dill_
Compliance Officer

Sworn and subscribed before me this the _10th_ day, of _February_ , 20_23_.

_Moss Point City Judge_

2. PEEL AWAY RECEIPT AND
STICKER. AFFIX TO ENVELOPE.

Form No. CEL-43R rev 05/15
And Other Patents Pending

Responsibly
Sourced
Paper



**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
*Domestic Mail Only*

For delivery information, visit our website at www.usps.com®

9236 0969 0099 9790 1213 2631 17

| | |
|---|---|
| Certified Mail Fee | |
| $ $4.15 | |
| Extra Services & Fees *(check box, add fee as appropriate)* | |
| ☐ Return Receipt (hardcopy) $ | |
| ☐ Return Receipt (electronic) $ $2.10 | |
| ☐ Certified Mail Restricted Delivery $ $6.65 | Postmark Here |
| ☐ Adult Signature Required $ | |
| ☐ Adult Signature Restricted Delivery $ | |
| Postage $0.600 | |
| $ | |
| Total Postage and Fees $13.500 | |
| $ | |

Sent To    **Tonie Nattles Johnson**
**& Current Occupatns**
Street, Apt. No.,    **4237 Walter Street**
or PO Box No.    **Moss Point, MS 39563**
City, State, Zip+4

**PS Form 3800, April 2015**    **See Reverse for Instructions**

planning
Jackson County Board of Supervisors
2915 Canty Street
Pascagoula, MS 39568

6



# JACKSON COUNTY BOARD OF SUPERVISORS
## Planning Department - Code Enforcement

PHYSICAL ADDRESS: 2915 Canty St Suite Q | P.O. BOX 998 | PASCAGOULA, MS 39568
OFFICE: 228-769-3112 | FAX: 228-769-3312

February 3, 2023

Subject: Quote request for demolition and clean up

Request for quotes for the demolition and cleanup of the following property that has been declared a Menace to Public Health and Safety. Asbestos containing materials are not suspected. Demolition includes all building, structures, driveways and manmade objects, removal, and disposal per Local, County, State and DEQ requirements. This includes no burning or burying of debris. The site must be returned to preconstruction condition. Contractor is responsible for disconnection of power, water, or gas, if applicable. A permit must be acquired form the JC Planning Department, at no charge.

Property address: **4237 Walter Street Moss Point, MS 39563**
PIDN: **20130390.000**

A site visit is strongly recommended before preparing a quote. Upon completion of the cleanup, an inspection will be made by the Planning Department before release of payment.

If you need further information, please contact the Planning Department at 228-769-3351.
**Quotes may be emailed, or brought in by March 13, 2023, by 12:00 PM.**

COMPANY: ___Tri-Star Demolition___          PH: ___228-219-6995___
AUTHORIZED SIGNATURE: _____
QUOTE: ___$4,250.00___

Thank you,

Elizabeth Dill
Compliance Officer
228-769-4688

February 3, 2023

Subject: Quote request for demolition and clean up

Request for quotes for the demolition and cleanup of the following property that has been declared a Menace to Public Health and Safety. Asbestos containing materials are not suspected. Demolition includes all building, structures, driveways and manmade objects, removal, and disposal per Local, County, State and DEQ requirements. This includes no burning or burying of debris. The site must be returned to preconstruction condition. Contractor is responsible for disconnection of power, water, or gas, if applicable. A permit must be acquired form the JC Planning Department, at no charge.

## Property address: 4237 Walter Street Moss Point, MS 39563
## PIDN: 20130390.000

A site visit is strongly recommended before preparing a quote. Upon completion of the cleanup, an inspection will be made by the Planning Department before release of payment.

If you need further information, please contact the Planning Department at 228-769-3351.
Quotes may be emailed, or brought in by March 13, 2023, by 12:00 PM.

COMPANY: R+H Construction                          PH: 2282195654
AUTHORIZED SIGNATURE: Rudy Slt
QUOTE: 5200.00

Thank you,

Elizabeth Dill
Compliance Officer
228-769-4688



# 4237 WALTER STREET



03/01/2023

10



# 4237 WALTER STREET



# 4237 WALTER STREET



# 4237 WALTER STREET



03/01/2023

# 4237 WALTER STREET



# 4237 WALTER STREET



03/01/2023

# 4237 WALTER STREET



**4237 WALTER STREET**



## 4237 WALTER STREET



## 4237 WALTER STREET



# 4237 WALTER STREET



Case: 30CO1:25-cv-20391-MW   Document #: 2   Filed: 03/11/2025   Page 31 of 67



**KEVIN MILLER**
**JACKSON COUNTY TAX COLLECTOR**
P.O. BOX 998 • PASCAGOULA, MS 39568
228-769-3074 • www.co.jackson.ms.us

**JACKSON COUNTY**
**REAL PROPERTY NOTICE**

PRESORT
FIRST CLASS
US POSTAGE
PAID
DrvcoData

*FORWARDING*
*SERVICE*
*REQUESTED*

| RECEIPT NUMBER | | DISTRICT | | | |
|---|---|---|---|---|---|
| | | 2220 | | | |

| PARCEL NUMBER | | | |
|---|---|---|---|
| 20130390.000 | | | |

| PPIN | 39788 | YEAR | 2023 |
|---|---|---|---|

S/T/R 30-7-5

DESCRIPTION BEG N/M PINE ISLAND RD (EXT) & W
/M WALTER ST N 101.3' W 160.3' S
90' E 198.4' TO POB DB 587-887
(189 Map 759.30-03)

NO PERSONAL CHECKS ACCEPTED AFTER JUNE 30
MAIL THIS STATEMENT BACK WITH YOUR PAYMENT
NOT RESPONSIBLE FOR PAYMENTS LOST IN MAIL
**TAXES ARE DELINQUENT AFTER**
**FEBRUARY 1ST, 2024**

| | | LAND/STRUCTURES | | TOTAL TRUE | | ASSESSED |
|---|---|---|---|---|---|---|
| ACRES | .35 | 4,293 / 19,046 | | 23,339 | | 3,501 |
| ADVALOREM TAX | $578.61 | COUNTY | SCHOOL | | CITY | TOTAL TAXES DUE |
| HOMESTEAD CREDIT | $0.00 | $176.31 | $205.51 | | $196.79 | $578.61 |
| NET ADVALOREM | $578.61 | | | | | |

```
***********AUTO**5-DIGIT 39507   11   18
JOHNSON TONI NETTLES
503 26TH ST
GULFPORT, MS 39507-1718
```

| TOTAL DUE | $578.61 |
|---|---|





# Receipt
## Jackson County

2915 Canty St., Suite Q., Pascagoula, MS 39567 | P.O. Box 998, Pascagoula, MS 39568
Office: (228) 769 -3056 | Fax: (228) 769-3312
For Inspections Please Contact (228) 471-1142

---

**BUILDING**

**Permit Number:** RBLD 05-2023-00900

**Job Address:** 4237 WALTER ST MOSS POINT, MOSS POINT, MS 39563

**Applicant:**     TONI NETTLES JOHNSON            **Owner Address:**  4237 WALTER ST, ,

**Company Name:**

| Fee Information | Amount |
|---|---|
| Permit Fees: | $35.00 |
| Permit Issuance Fees: | $1.00 |
| Public Records Filings Fees: | $10.00 |
| Additional Fees: | $0.00 |
| **Total Fee Assessed:** | $46.00 |

**Transaction Log**

| Type | Amount | Payment Date | Payment Type | Check # | Notes |
|---|---|---|---|---|---|
| Payment | $46.00 | 5/8/2023 | Cash | | |



Monday, May 8, 2023 2:23:34 PM

1

Hunter Wood Work And Supply
2212 Hewes Avenue
Gulfport, MS 39507
228-324-9755

**PURCHASE ORDER**

THIS NUMBER MUST APPEAR ON ALL
INVOICES, SHIPPING PAPERS, PACKAGES, ETC.

112431

DATE

SHIP VIA    4. 19. 23

FOB

TERMS

SOLD TO

Tonne Johnson

SHIPPED TO

Recive Cash

| QUANTITY | UNIT | DESCRIPTION | UNIT PRICE | TOTAL PRICE |
|---|---|---|---|---|
| | | Recive the Sum of Two Thousend five Hundred dollor To Repair House moter Leter King Drive | | |
| | | EXHIBIT "D" | | |
| | | Recive | 2500 | 2500 |

AUTHORIZED SIGNATURE

1



**Hunter Wood Work And Supply**
2212 Hewes Avenue
Gulfport, MS 39507
228-324-9755

**PURCHASE ORDER NO.**

DATE: 04-29-23

SHIP VIA

---

SOLD TO

Toney Johnson
4237 Walther St
Moss Point.

SHIPPED TO

4237 Walter St
Moss Point.

Recive Finlati Payment
for Roof Soffit and
Faicer.                                      $7,350

**EXHIBIT
"E"**

Relive
Baton C                                      $7350
                                                00

AUTHORIZED SIGNATURE  _Sidney Hill_

1

0067182          11-24
Office AU #       1210(8)

Remitter:         TONI JOHNSON
Purchaser:        TONI JOHNSON
Purchaser Account:  xxxxxxxxx7978
Operator I.D.:    k066519
Funding Source:   Paper item(s)

**CASHIER'S CHECK**

SERIAL #: 6718203590

ACCOUNT#:  4861-513430

PAY TO THE ORDER OF  ***FITZROY HUNTER***

May 31, 2023

**One Thousand  and 00/100 -US Dollars **

**$1,000.00**

Payee Address:
Memo

WELLS FARGO BANK, N.A.
375 COURTHOUSE RD
GULFPORT, MS 39507
OR INQUIRIES CALL (480) 394-3122

NOTICE TO PURCHASER-IF THIS INSTRUMENT IS LOST,
STOLEN OR DESTROYED, YOU MAY REQUEST CANCELLATION
AND REISSUANCE. AS A CONDITION TO CANCELLATION AND
REISSUANCE, WELLS FARGO & COMPANY MAY IMPOSE A FEE
AND REQUIRE AN INDEMNITY AGREEMENT AND BOND.

VOID IF OVER US $ 1,000.00

**NON-NEGOTIABLE**

**Purchaser Copy**

(19) M4203 20121306

Wells Fargo Bank
Transaction Receipt

Branch #0067192 3        Balance Inquiry

Account Number
XXXXXXX-XX7978
337

Transaction # 999 2012
03:04PM 05/31/23

Current Balance                  $1,850.00
Available Balance                $3,052.10

Thank you, CHRISTOPHER





**City of Moss Point**

4320 McInnis Avenue
Moss Point, Mississippi 39563

Telephone (228) 475-0300
Facsimile (228) 474-4520

# BEFORE THE MAYOR AND BOARD OF ALDERPERSONS OF THE CITY OF MOSS POINT, MISSISSIPPI

IN THE MATTER OF THE MENACE CASE OF

NAME:

## TONI NETTLES JOHNSON

PIDN:                           ADDRESS:
20130390.000                    4237 WALTER ST

November 8, 2023

This letter is a courtesy letter to inform you that the property listed above has not met the requirements set forth by the Major and Board of Aldermen for the City of Moss Point on March 21st, 2023.

Since no action has been taken on this property, the City of Moss Point will proceed with the demo and cleanup of the property listed above.

Attached is the Resolution and Order set on March 21st, 2023, by the Mayor and Board of Alderman for the City of Moss Point.

TOGETHER FOR THE BEST MOSS POINT
WE ARE ALL IN THIS TOGETHER
BELIEVE



EXHIBIT

" G "

1

1. SEPARATE INTO THIRDS.

2. PEEL AWAY RECEIPT AND
   STICKER. AFFIX TO ENVELOPE.

**Form No. CEL-43R rev 05/15**
**U.S. Patent No.'s 6,905,747**
**And Other Patents Pending**

Responsibly
Sourced
Paper

## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

For delivery information, visit our website at *www.usps.com®*

9214 8969 0099 9790 1214 5207 63

Certified Mail **$4.35**

$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)          $ **$2.20**
☐ Return Receipt (electronic)        $ **$0.00**
☐ Certified Mail Restricted Delivery $
☐ Adult Signature Required           $
☐ Adult Signature Restricted Delivery $

Postmark
Here

Postage  **$0.630**

$

Total Postage and Fees **$7.180**

$

Sent To        **Tonie Nettles Johnson**
               **4237 Walter Street**
Street, Apt. No.,   **Moss Point, MS 39563**
or PO Box No.
City, State, Zip+4

**PS Form 3800, April 2015**    **See Reverse for Instructions**

planning
Jackson County Board of Supervisors
2915 Canty Street
Pascagoula, MS 39568

# Jackson County Board of Supervisors

## Planning Department

2915 Canty St., Suite Q., Pascagoula, MS 39567 | P.O. Box 998, Pascagoula, MS 39568
Office: (228) 769-3056 | Fax: (228) 769-3312

| Permit | | | | | Permit NO. | RBLD-05-2023-00900 |
|--------|--|--|--|--|-----------|-------------------|
| | Permit Type | | | | | Residential Building |
| | Work Classification | | | | | Repair |
| | Permit Status | | | | | Issued |

| Issue Date: 05/08/2023 | Expires: 11/08/2023 |
|------------------------|---------------------|

| | Other Permits | |
|--|--------------|--|
| Permit Number | Type | Status |

| Project Address | Parcel No. | Tract No. | Block | Lot | Section | Township |
|-----------------|-----------|-----------|-------|-----|---------|----------|
| 4237 WALTER ST MOSS POINT | 20130390.00 0 | | | 189 | | MOSS POINT |

**Existing Use:** HOUSE
**Intended Use:** SHINGLES AND SIDING

| Contractor(s) | Phone | Primary Contractor |
|---------------|-------|--------------------|
| TONI NETTLES JOHNSON (OWNER) | | Yes |

## Office Copy

*Commercial Permits - Work must commence within six(6) months of the permit issuance date; the permit shall remain valid for twenty-four(24) months from date of issuance.
*Residential Permits - Valid for 180 days, 90 day extension may be granted if there have been substantial improvements or construction during the initial 180 days. *Power Pole & Service Change - Valid 30 days. Mobile Home Placement Permits - Valid for 90 days from issuance date.

I HEREBY CERTIFY THAT I HAVE READ AND EXAMINED THIS DOCUMENT AND KNOW THE SAME TO BE TRUE AND CORRECT. ALL PROVISIONS OF LAWS AND ORDINANCES GOVERNING THIS TYPE OF WORK WILL BE COMPLIED WITH WHETHER SPECIFIED HEREIN OR NOT. GRANTING OF A PERMIT DOES NOT PRESUME TO GIVE AUTHORITY TO VIOLATE OR CANCEL THE PROVISIONS OF ANY OTHER STATE OR LOCAL LAW REGULATING CONSTRUCTION OR THE PERFORMANCE OF CONSTRUCTION.

Signature of Owner / Applicant / Contractor                    Date

Issued By: Jackson County Planning Department    Authorized Signature                    Date

3

















11









15





**MARCH 21, 2023**
**CITY OF MOSS POINT, MISSISSIPPI**

SECOND REGULAR SESSION OF THE MAYOR AND BOARD OF THE CITY OF MOSS POINT, MISSISSIPPI, TUESDAY, MARCH 21, 2023, AT 6:00 P.M.

The Mayor and Board of the City of Moss Point, Mississippi, met in person and via WebEx conference call for the Second Regular Session of the month of February, Tuesday, March 21, 2023, at 6:00 P.M. with the following City Officials present:

Present: Mayor Billy E. Knight Sr., Alderwoman Shirley Chambers; Aldermen David Chapman, Houston Cunningham, Darius Wilson, Tim Dubose, Willie Chestang, Wayne Lennep, Tricia Thigpen, City Clerk, and Amy St. Pe`, City Attorney.

Visitors: Howard Bailey, Carolyn Bedford, Sue Wright, Marshall Hewlett, Katrina Viverette, Tiffany Patterson, Sue Fairbank, Tommie Cardin, Sherwood Bradford, Felicia Yearwood, Gary Smith, Daniel Wade, Brandon Ashley, Veneice Barnett, Ann Park Pickett, Neil Seaton, Bennie McLaughlin and other concerned citizens.

Devotion was led by Rev. Dr. Ann Parker Pickett, New Generations Christian Fellowship Disciples of Christ. Guest of Alderman Houston Cunningham.

Mayor called the meeting to order, and following prayer, pledge and roll call, the Mayor declared the session open for business.

There came on for consideration a request approval of the amended agenda with the following amendments:

Add Main Agenda Item 7.8 - Approve/decline the revised Docket of Claims provided that all entries thereon are true, correct, properly entered, not fraudulent, and pending availability of funds, submitted by the Finance Department.

Add Main Agenda Item 7.9 - Approve/decline a proposed agreement with Southern Mississippi Planning & Development District (SMPDD) to provide grant support services on a time and materials basis at a rate of $100.00 per hour with a cost not to exceed $15,000.00 and to amend the budget accordingly, submitted by Mayor Knight.

Add Main Agenda Item 7.10 – Approve/decline a request to designate Tricia Thigpen as the city's applicant agent to execute applications for the purpose of obtaining and administering certain federal financial assistance under the Disaster Relief Act of 1974 and to file them with the Governor's Authorized Representative, submitted by Tricia Thigpen, City Clerk.

Add Main Agenda Item 7.11 – Approve/decline a request to designate Crystal Rodgers, Deputy City Clerk, as the City's Certifying Official for FEMA/MEMA, submitted by Tricia Thigpen, City Clerk.

18

Add Main Agenda Item 7.12 – Approve/decline a contract extension with Witt O'Brien's, LLC for Debris Monitoring Assistance, submitted by Tricia Thigpen, City Clerk.

Following discussion, motion was made by Alderman Wayne Lennep, duly seconded by Alderwoman Shirley Chambers that it be,

RESOLVED AND ORDERED, that the following amended agenda items be approved in one motion.

Add Main Agenda Item 7.8 - Approve/decline the revised Docket of Claims provided that all entries thereon are true, correct, properly entered, not fraudulent, and pending availability of funds, submitted by the Finance Department.

Add Main Agenda Item 7.9 - Approve/decline a proposed agreement with Southern Mississippi Planning & Development District (SMPDD) to provide grant support services on a time and materials basis at a rate of $100.00 per hour with a cost not to exceed $15,000.00 and to amend the budget accordingly, submitted by Mayor Knight.

Add Main Agenda Item 7.10 – Approve/decline a request to designate Tricia Thigpen as the city's applicant agent to execute applications for the purpose of obtaining and administering certain federal financial assistance under the Disaster Relief Act of 1974 and to file them with the Governor's Authorized Representative, submitted by Tricia Thigpen, City Clerk.

Add Main Agenda Item 7.11 – Approve/decline a request to designate Crystal Rodgers, Deputy City Clerk, as the City's Certifying Official for FEMA/MEMA, submitted by Tricia Thigpen, City Clerk.

Add Main Agenda Item 7.12 – Approve/decline a contract extension with Witt O'Brien's, LLC for Debris Monitoring Assistance, submitted by Tricia Thigpen, City Clerk.
The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

Presentation- **Proclamation declaring April the Native Plant Month**- presented by Mayor Billy Knight, Sr.

**Certificate of Acknowledgement-** Retirement of Deputy Chief Jim Roe, presented by Brandon Ashley, Chief of Police.

**Discuss Department Monthly Reports**
City Clerk Department
Economic Development
Finance Department
Fire Department
Grants
Human Resources
Inspections
Municipal Court
Parks and Recreation Department
Pelican Landing
Police Department
Public Relations
Public Works/Utilities
RO Plant

There came on for discussion a public hearing to receive public comments on a Proposed Redistricting for the City of Moss Point, presented by Tommie Cardin, Butler Snow LLP. Following public comments, **No Action Taken.** Motion was made by Alderman David Chapman, duly seconded by Alderman Houston Cunningham to close the public hearing.

The motion when placed to a vote by the Mayor was as follows:

### ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for discussion a public hearing to receive public comments on the Tax Increment Financing Redevelopment Plan for the City of Moss Point, presented by Sue Fairbank, Butler Snow LLP. There were no written protest or other objection of any kind or character against such Tax Increment Financing Redevelopment Plan has been filed by qualified electors of the City of Moss Point. Following public comments, **No Action Taken.** Motion was made by Alderman Houston Cunningham, duly seconded by Alderman Wayne Lennep to close the public hearing.

The motion when placed to a vote by the Mayor was as follows:

Page **3** of **15**

20

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request for approval of the consent agenda. Following discussion, motion, was made by Alderman Darius Wilson, duly seconded by Alderman Wayne Lennep, that it be,

RESOLVED AND ORDERED, that the following consent agenda items be approved in one motion.

Approval of Board minutes from March 2, 2023, Special Called Meeting and March 7, 2023, First Regular Meeting, submitted by Tricia Thigpen, City Clerk.

Approval of a request for Chief Wade to attend an online course on April 4th, 6th, 11th, and 13th with the Fair Labor Standards Act for the Fire Department at a cost of $450.00, submitted by Daniel Wade, Fire Chief.

Approval of a request for Thomas Whittington, Caden Shows, and Austin Balius to attend the Firefighter 1001 I-II course scheduled for April 10, 2023 – May 25, 2023, at the Mississippi State Fire Academy at a cost of $500.00 each, submitted by Daniel Wade, Fire Chief.

Approval of a recommendation to participate in the 2023 Gulf Coast Military and Civilian Job Fair on April 4, 2023, in Biloxi, Mississippi for a registration cost of $200.00, submitted by Veneice Barnett, Director of Human Resources.

Approval of a request for Officer Donathan Myers and Officer Jerik Sanchez to attend the Basic Training Course hosted by Southern Regional Public Safety Institute from April 9, 2023 – June 22, 2023, at a total cost of $8000.00. Tuition will be reimbursed upon completion, submitted by Brandon Ashley, Chief of Police.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

21

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a resolution of the Mayor and Board of Aldermen of the City of Moss Point finding and determining that a Notice of Public Hearing on a proposed Tax Increment Financing Development Plan for the City of Moss Point, March 2023, was duly published as required by law; that no written protest or other objection of any kind or character against such Tax Increment Financing Redevelopment Plan has been filed by qualified electors of said city; approving and adopting such Tax Increment Financing Redevelopment Plan; and for related purposes, submitted by Amy St. Pe', City Attorney. Following the discussion, motion was made by Alderman Darius Wilson, duly seconded by Alderman Wayne Lennep, that it be,

> RESOLVED AND ORDERED, that the resolution of the Mayor and Board of Aldermen of the City of Moss Point finding and determining that a Notice of Public Hearing on a proposed Tax Increment Financing Development Plan for the City of Moss Point, March 2023, was duly published as required by law; that no written protest or other objection of any kind or character against such Tax Increment Financing Redevelopment Plan has been filed by qualified electors of said city; approving and adopting such Tax Increment Financing Redevelopment Plan; and for related purposes, submitted by Amy St. Pe', City Attorney, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for discussion a public hearing pursuant to Section 21-19-11 of the Mississippi Code and after hearing all evidence presented by the building official in favor of demolition and the property owners in response, and after verification that all notice requirements had been met as set forth in the presentation presented for each property, the board finds that the properties listed below are in such a state of uncleanliness to be a menace to the public's health and safety, and orders said properties demolished, without any further notice to the property owners, the motion was made by Alderman Willie Chestang, duly seconded by Alderman Wayne Lennep, if the conditions below are not met:

For the following properties, the owner is granted thirty (30) days to pull a demolition permit, and an additional thirty (30) days to have the structure demolished and the debris removed. If the above is not accomplished in sixty (60) days, the City will proceed with demolition and cleanup and assess such costs as a judgment and place on the tax rolls for collection:

1. 3931 Mattson Street
2. 4013 Carroll Street
3. 5425 Billy Avenue

For the following properties, the owner is granted thirty (30) days to pull a repair permit, present a construction/renovation plan to the building department, present a cost estimate to make the repairs noted in the plan, and present proof of their ability to pay for such repairs. The repair plan, cost, and ability to pay shall be reviewed and accepted or denied by the building official in his sole discretion. If all the above is presented, then the owner shall have six (6) months under the permit to complete the renovation. If any of the above is not presented in thirty (30) days, then the City will proceed with demolition and cleanup and assess such costs as a judgment and place on the tax rolls for collection:

1. 3715 Sherlawn Drive
2. 4019 Carroll Street
3. 4237 Walter Street
4. 5425 Frederick Street
5. 3824 Macphelah Road

For the following property, prior to receiving a permit, the property owner must have the property cleaned up and be in compliance with the property maintenance codes. This shall be verified by the building official prior to a permit being obtained. This must be done within thirty (30) days, as well as construction/renovation plan to the building department, present a cost estimate to make the repairs noted in the plan, and proof of their ability to pay for such repairs. The repair plan, cost, and ability to pay shall be reviewed and accepted or denied by the building official in his sole discretion. If all the above is presented, then the owner shall have six (6) months under the permit to complete the renovation. If any of the above is not presented in thirty (30) days then the City will proceed with demolition and cleanup and assess such costs as a judgment and place on the tax rolls for collection:

1. 5812 Good Hope Street

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to accept the lowest and best quotes to demolish/cleanup properties that have been identified as a possible menace to public health, submitted by Marcus Catchot, Jackson County Building Official. Following the discussion, motion was made by Alderman David Chapman, duly seconded by Alderman Darius Wilson, that it be,

RESOLVED AND ORDERED, that JE Talley Construction was the lowest and best bidder for the demolition of all properties addressed at the public hearing, and awards such contracts to JE Talley Construction as follows:

1. 3715 Sherlawn Drive--$3,920 (repair permit pulled in 30 days along with documentation cited in motion above).
2. 3824 Macphelah--$4900 (repair permit pulled in 30 days along with documentation cited in motion above).
3. 3931 Mattson Street--$3400 (demo permit pulled in 30 days and demolition complete within 60 days as cited in motion above).
4. 4013 Carroll Street--$3,100 (demo permit pulled in 30 days and demolition complete within 60 days as cited in motion above).
5. 4019 Carroll Street--$2,700 (repair permit pulled in 30 days along with documentation cited in motion above).
6. 4237 Walter Street--$2,900 (repair permit pulled in 30 days along with documentation cited in motion above).
7. 5425 Billy Avenue--$4,500 (demo permit pulled in 30 days and demolition complete within 60 days as cited in motion above).
8. 5425 Frederick Street--$3,400 (repair permit pulled in 30 days along with documentation cited in motion above).
9. 5812 Good Hope Street--$3,500 (property to be in compliance with the city's property maintenance codes within 30 days, permit pulled once in compliance but within 30 days, plans presented as cited in motion above).

Notice to Proceed with Demolition shall be given from the building official after a determination is made that each property owner has met the requirements as stated in the Motion above and summarized in this motion 1-9, submitted by Marcus Catchot, Jackson County Building Official, be approved.

The motion when placed to a vote by the Mayor was as follows:

### ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
|---|---|---|---|
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a recommendation for a Special Exception to allow Nicholas Thomas and Tiffany Patterson to build a duplex in an R-1B Single Family Residential District. The property is located on Gregory Street, Moss Point MS 39563 on Parcel #21370013.020, submitted by Marcus Catchot, Jackson County Building Official. (Approved by the Planning Commission on March 13, 2023). A motion was made by Alderman Houston Cunningham, duly seconded by Alderman Darius Wilson, that it be

RESOLVED AND ORDERED, that the recommendation for a Special Exception to allow Nicholas Thomas and Tiffany Patterson to build a duplex in an R-1B Single Family Residential District. The property is located on Gregory Street, Moss Point MS 39563 on Parcel #21370013.020, submitted by Marcus Catchot, Jackson County Building Official. (Approved by the Planning Commission on March 13, 2023), be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to purchase fifteen (15) sets of Turn-out gear from Sunbelt Fire for the Fire Department in the amount of $46,206.00, submitted by Daniel Wade, Fire Chief. Purchase to be paid from Budget Line Item 117-5-014-88700 and is the state contract price. A motion was made by Alderman Houston Cunningham, duly seconded by Alderman David Chapman, that it be

RESOLVED AND ORDERED, that the request to purchase fifteen (15) sets of Turn-out gear from Sunbelt Fire for the Fire Department in the amount of $46,206.00, submitted by Daniel Wade, Fire Chief. Purchase to be paid from Budget Line Item 117-5-014-88700 and is the state contract price, be approved.

The motion when placed to a vote by the Mayor was as follows:

25

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a contract extension between DRC Emergency Services and the City of Moss Point for Debris Removal Assistance, submitted by Tricia Thigpen, City Clerk. A motion was made by Alderman Houston Cunningham duly seconded by Alderman David Chapman, that it be

RESOLVED AND ORDERED, that the contract extension between DRC Emergency Services and the City of Moss Point for Debris Removal Assistance, submitted by Tricia Thigpen, City Clerk, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to accept the 2023 Emergency Response Plan required for the annual MSDH Inspection, submitted by Samuel Franklin, H2o Innovation Project Manager. A motion was made by Alderman Willie Chestang, duly seconded by Alderman David Chapman, that it be

RESOLVED AND ORDERED, that the request to accept the 2023 Emergency Response Plan required for the annual MSDH Inspection, submitted by Samuel Franklin, H2o Innovation Project Manager, be approved.

The motion when placed to a vote by the Mayor was as follows:

26

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to approve the revised Docket of Claims provided that all entries thereon are true, correct, properly entered, not fraudulent, and pending availability of funds, submitted by the Finance Department. A motion was made by Alderman Wayne Lennep, duly seconded by Alderman Houston Cunningham, that it be

RESOLVED AND ORDERED, that the request to approve the revised Docket of Claims provided that all entries thereon are true, correct, properly entered, not fraudulent, and pending availability of funds, submitted by the Finance Department, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a proposed agreement with Southern Mississippi Planning & Development District (SMPDD) to provide grant support services on a time and materials basis at a rate of $100.00 per hour with a cost not to exceed $15,000.00 and to amend the budget accordingly, submitted by Mayor Knight. A motion was made by Alderman Houston Cunningham, duly seconded by Alderman Wayne Lennep, that it be.

RESOLVED AND ORDERED, that the proposed agreement with Southern Mississippi Planning & Development District (SMPDD) to provide grant support services on a time and materials basis at a rate of $100.00 per hour with a cost not to exceed $15,000.00 and to amend the budget accordingly, submitted by Mayor Knight, be approved.

The motion when placed to a vote by the Mayor was as follows:

27

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to designate Tricia Thigpen as the city's applicant agent to execute applications for the purpose of obtaining and administering certain federal financial assistance under the Disaster Relief Act of 1974 and to file them with the Governor's Authorized Representative, submitted by Tricia Thigpen, City Clerk. A motion was made by Alderman David Chapman, duly seconded by Alderman Houston Cunningham, that it be.

> RESOLVED AND ORDERED, that the request to designate Tricia Thigpen as the city's applicant agent to execute applications for the purpose of obtaining and administering certain federal financial assistance under the Disaster Relief Act of 1974 and to file them with the Governor's Authorized Representative, submitted by Tricia Thigpen, City Clerk, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a request to designate Crystal Rodgers, Deputy City Clerk, as the City's Certifying Official for FEMA/MEMA, submitted by Tricia Thigpen, City Clerk. A motion was made by Alderman Darius Wilson, duly seconded by Alderman Houston Cunningham, that it be.

> RESOLVED AND ORDERED, that the request to designate Crystal Rodgers, Deputy City Clerk, as the City's Certifying Official for FEMA/MEMA, submitted by Tricia Thigpen, City Clerk, be approved.

The motion when placed to a vote by the Mayor was as follows:

28

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on for consideration a contract extension with Witt O'Brien's, LLC for Debris Monitoring Assistance, submitted by Tricia Thigpen, City Clerk. A motion was made by Alderman Wayne Lennep, duly seconded by Alderman Houston Cunningham, that it be.

RESOLVED AND ORDERED that the contract extension with Witt O'Brien's, LLC for Debris Monitoring Assistance, submitted by Tricia Thigpen, City Clerk, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came for consideration a discussion by Alderman Houston Cunningham regarding the City Hall and Police Department property upkeep, the railroad crossings at Welch Avenue and Ely Street, and an update on 4231 Dantzler Street. Following discussion, **No Action Taken**.

There came for consideration a discussion by Alderman Darius Wilson regarding the Recreation Building. Following discussion, **No Action Taken**.

There came for consideration a discussion by Alderman Timothy Dubose regarding the procedure for changing the status of a City street to a one-way street. Following discussion, Mayor Billy Knight, Sr. requested Chief Ashley and Chief Wade to identify the problem and report to the April 4, 2023, meeting with an update.

There came for consideration a discussion by Alderman Wayne Lennep recommending a privacy fence behind the Moss Point Police Department slab, a No Tire signage on the dumpster in the area and paving the potholes on Recreation Circle. Following discussion, **No Action Taken**.

29

There came for consideration a motion was made by Alderman Wayne Lennep, duly seconded by Alderwoman Shirley Chambers to close the meeting for a preliminary determination of the necessity for an executive session.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There was a general discussion regarding the nature and matters to be discussed regarding personnel in the Police Department and Economic Development. It was found that the discussion and consideration of these matters are within reason for executive session set out in Section 25-41-7, as amended. A motion was made by Alderman Wayne Lennep, duly seconded by Alderman David Chapman, that it be

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

The meeting was declared in executive session.

There came on consideration of a recommendation from Police Chief Brandon Ashley to appoint Investigator/FBI Task Force Officer Henry Bouganim as Deputy Police Chief. Following discussion, motion was made by Alderman Darius Wilson, duly seconded by Alderman David Chapman, that it be

RESOLVED AND ORDERED, that the recommendation from Police Chief Brandon Ashley to appoint Investigator/FBI Task Force Officer Henry Bouganim as Deputy Police Chief, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Nay |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Nay | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

There came on consideration of a recommendation by Mayor Billy E. Knight to eliminate the Economic Development Director position, effective May 1, 2023. Following discussion, motion was made by Alderman Darius Wilson, duly seconded by Alderman Wayne Lennep, that it be

RESOLVED AND ORDERED, that the recommendation by Mayor Billy E. Knight to eliminate the Economic Development Director position, effective May 1, 2023, be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

The above and foregoing considerations having ended, on motion of Alderman Wayne Lennep, duly seconded by Alderman David Chapman and unanimously passed by the members of the Board of Aldermen/Alderwoman present and voting, this meeting was opened, and executive session ended.

There came on for consideration a motion to adjourn by Alderman Darius Wilson, duly seconded by Alderman Wayne Lennep, that it be

RESOLVED AND ORDERED, that the Mayor and Board of Aldermen/Alderwoman of the City of Moss Point, Mississippi, lawfully assembled in regular session, the Second Regular Session of the month of March 2023, Tuesday, March 21, 2023, declared the meeting ADJOURNED until Tuesday, April 4, 2023, at 6:00 p.m., be approved.

The motion when placed to a vote by the Mayor was as follows:

## ALDERMEN/ALDERWOMAN VOTING

| | | | |
|---|---|---|---|
| Alderman David Chapman | Yea | Alderwoman Shirley Chambers | Yea |
| Alderman Houston Cunningham | Yea | Alderman Willie Chestang | Yea |
| Alderman Darius Wilson | Yea | Alderman Wayne Lennep | Yea |
| Alderman Timothy Dubose | Yea | | |

The motion having received the affirmative vote of the Majority of Aldermen/Alderwoman present and voting, the Mayor declared the motion passed.

APPROVED:

_Billy E. Knight Sr._

BILLY E. KNIGHT SR., MAYOR
CITY OF MOSS POINT, MISSISSIPPI

ATTEST:

_Tricia L. Thigpen_

TRICIA L. THIGPEN, CITY CLERK
CITY OF MOSS POINT, MISSISSIPPI

32

IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

TONI NETTLES JOHNSON                                                    PLAINTIFF

VERSUS                                            CAUSE NO. 30CO1:25-cv-20391

CITY OF MOSS POINT, JACKSON COUNTY, MS                     DEFENDANT

---

## SUMMONS

---

**TO:    Billy E. Knight, Sr., Mayor of Moss Point
and/or Tricia Thigpen, Municipal City Clerk of Moss Point
4320 McInnis Avenue
Moss Point, MS 39563**                                  **or wherever to be found**

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to:

**BARTON LAW FIRM, PLLC**

**W. HARVEY BARTON, MSB #2104
3007 MAGNOLIA STREET
PASCAGOULA, MS 39567
Telephone: (228) 769-2070**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this

Summons and Complaint or a judgment of default will be entered against you for the money or other things

demanded in the Complaint. You must also file the original of your response with the Clerk of this Court

within a reasonable time afterward.

ISSUED UNDER my hand and the seal of said Court this the **14** day of **March**, 2025.



**RANDY CARNEY CIRCUIT CLERK
JACKSON COUNTY, MS
POST OFFICE BOX 998
PASCAGOULA, MS 39568-0998**

BY: _Deina Orlean_          D.C.

**(Process Server)**
**(Use a separate proof of service for each person served)**

_____
(Name of Person or Entity Served)

I, the undersigned process server, served the summons upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE**. By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

_____ **PERSONAL SERVICE**. I personally delivered copies to _____ on the _____ day of _____, 2025, where I found said person in _____ County of the State of Mississippi.

_____ **RESIDENCE SERVICE** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons on the _____ day of _____,2025, at the usual place of abode of said person by leaving a true copy of the summons with _____, who is the _____ (here insert **wife, husband, son, daughter or other person as the case may be**), a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons, and thereafter on the _____ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of above where the copies were left.

_____ **CERTIFIED MAIL SERVICE** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served (Attach signed return receipt or other evidence of actual person served)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $_____

Process server must list below (Please print or type)

Name _____

Address _____

Telephone (_____)_____

STATE OF MISSISSIPPI
COUNTY OF JACKSON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named process server being first by me duly sworn states on oath that the matter and facts set forth in the foregoing "Proof of Service - Summons" are true and correct as therein stated.

_____
PROCESS SERVER (Signature)

Sworn to and subscribed before me this the _____ day of _____, 2025.

_____
NOTARY PUBLIC

My Commission Expires:
(SEAL)

IN THE COUNTY COURT OF JACKSON COUNTY, MISSISSIPPI

TONI NETTLES JOHNSON                                               PLAINTIFF

VERSUS                                          CAUSE NO. 30CO1:25-cv-20391

CITY OF MOSS POINT, JACKSON COUNTY, MS                            DEFENDANT

---

## SUMMONS

---

TO:  **Billy E. Knight, Sr., Mayor of Moss Point**
     **and/or Tricia Thigpen, Municipal City Clerk of Moss Point**
     **4320 McInnis Avenue**
     **Moss Point, MS 39563**                          **or wherever to be found**

### NOTICE TO DEFENDANT

THE COMPLAINT ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST
TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand deliver a copy of a written response to the Complaint to:

**BARTON LAW FIRM, PLLC**

**W. HARVEY BARTON, MSB #2104**
**3007 MAGNOLIA STREET**
**PASCAGOULA, MS 39567**
**Telephone: (228) 769-2070**

Your response must be mailed or delivered within thirty (30) days from the date of delivery of this

Summons and Complaint or a judgment of default will be entered against you for the money or other things

demanded in the Complaint. You must also file the original of your response with the Clerk of this Court

within a reasonable time afterward.

ISSUED UNDER my hand and the seal of said Court this the 14 day of March, 2025.



**RANDY CARNEY CIRCUIT CLERK**
**JACKSON COUNTY, MS**
**POST OFFICE BOX 998**
**PASCAGOULA, MS 39568-0998**

BY: Deina Obyan                              D.C.

Case: 30CO1:25-cv-20391-MW   PROOF OF SERVICE - SUMMONS   03/14/2025   Page 2 of 2

(Process Server)

(Use a separate proof of service for each person served)

_Tricia Thigpen_
(Name of Person or Entity Served)

I, the undersigned process server, served the summons upon the person or entity named above in the manner set forth below (process server must check proper space and provide all additional information that is requested and pertinent to the mode of service used):

_____ **FIRST CLASS MAIL AND ACKNOWLEDGMENT SERVICE.** By mailing (by first class mail, postage prepaid) copies to the person served, together with copies of the form of notice and acknowledgment and return envelope, postage prepaid, addressed to the sender (Attach completed acknowledgment of receipt pursuant to M.R.C.P. Form 1B).

_X_ **PERSONAL SERVICE.** I personally delivered copies to _Tricia Thigpen_ on the _17th_ day of _March_, 2025, where I found said person in _Jackson_ County of the State of Mississippi.

_____ **RESIDENCE SERVICE** After exercising reasonable diligence I was unable to deliver copies to said person within _____ County, Mississippi. I served the summons on the _____ day of _____,2025, at the usual place of abode of said person by leaving a true copy of the summons with _____, who is the _____ (here insert **wife, husband, son, daughter or other person as the case may be**), a member of the family of the person served above the age of sixteen (16) years and willing to receive the summons, and thereafter on the _____ day of _____, 2025, I mailed (by first class mail, postage prepaid) copies to the person served at his or her usual place of above where the copies were left.

_____ **CERTIFIED MAIL SERVICE** By mailing to an address outside Mississippi (by first class mail, postage prepaid, requiring a return receipt) copies to the person served (Attach signed return receipt or other evidence of actual person served)

At the time of service, I was at least 18 years of age and not a party to this action.

Fee for service: $ _25.00_

Process server must list below (Please print or type)

Name _Melanie S Eilam_
Address _3007 Magnolia St, Pasc MS 39567_
Telephone (_228_) _769-2070_

STATE OF MISSISSIPPI
COUNTY OF JACKSON

Personally appeared before me the undersigned authority in and for the state and county aforesaid, the within named process server being first by me duly sworn states on oath that the matter and facts set forth in the foregoing "Proof of Service Summons" are true and correct as therein stated.

_Melanie S Eilam_
PROCESS SERVER (Signature)

Sworn to and subscribed before me this the _19th_ day of _March_, 2025.

_Mari Ellen P. Pack_
NOTARY PUBLIC

My Commission Expires:
(SEAL)

STATE OF MISSISSIPPI
MARI ELLEN P PACK
NOTARY PUBLIC
Jackson County
Commission Expires
October 26, 2026
COMMISSION NUMBER 12574