IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| **TONI NETTLES JOHNSON** | § | **PLAINTIFF** |
| | § | |
| | § | |
| **v.** | § | **Civil No. 1:25cv114-HSO-BWR** |
| | § | |
| | § | |
| | § | |
| **CITY OF MOSS POINT,** | § | |
| **MISSISSIPPI** | § | **DEFENDANT** |

**ORDER OVERRULING PLAINTIFF'S OBJECTION [28], ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [27], GRANTING DEFENDANT'S MOTION [16] TO ENFORCE SETTLEMENT, AND DISMISSING THE COMPLAINT [1-2]**

This matter is before the Court on pro se Plaintiff Toni Nettles Johnson's ("Plaintiff") Objection [28] to United States Magistrate Judge Bradley W. Rath's Report and Recommendation [27], and on Defendant City of Moss Point, Mississippi's ("Defendant") Motion [16] to Enforce Settlement. After a review of the record and relevant legal authority, the Court finds that Plaintiff's Objection [28] should be overruled, the Report and Recommendation [27] should be adopted, Defendant's Motion [16] to Enforce Settlement should be granted, and the Complaint [1-2] should be dismissed.

I. BACKGROUND

This case arises out of the City of Moss Point's condemnation and subsequent demolition of Plaintiff's property, *see* Notice of Removal [1-2] at 7, 9, which she claims violated her constitutional and civil rights under 42 U.S.C. § 1983, *id.* at 9-10, 12-13. On April 14, 2025, Defendant removed this matter from the Circuit

Court of Jackson County, Mississippi, on the basis of federal question jurisdiction under 28 U.S.C. § 1331. *See* Notice of Removal [1] at 1, 3. Subsequently, on July 16, 2025, Defendant filed a Motion [16] to Enforce Settlement, arguing that on June 23, 2025, the parties entered into "a full and final settlement of this matter." Mot. [16] at 1; *see also* Attachment [16-1] at 2.

The Magistrate Judge held an evidentiary hearing on the matter, *see* R. & R. [27] at 3, and on February 4, 2026, he entered a Report and Recommendation [27], recommending that Defendant's Motion [16] to Enforce Settlement be granted, *see id.* at 10. Plaintiff objected to the Report and Recommendation [27], re-urging essentially the same allegations she raised in her filings and at the evidentiary hearing, and asking the Court to reject the recommendation. *See* Obj. [28] at 1; *see also* Resp. [21] at 1; R. & R. [27] at 5-6. Defendant responded, arguing that Plaintiff's objections are conclusory and do not warrant a de novo review of this matter. *See* Resp. [29] at 2.

## II.  DISCUSSION

A.  Standard of Review

When no party objects to a magistrate judge's report and recommendation, a court applies the "clearly erroneous, abuse of discretion and contrary to law" standard of review. *United States v. Wilson*, 864 F.2d 1219, 1221 (5th Cir. 1989). But if a party properly objects, then the district judge must review de novo those portions of the report and recommendation objected to. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of

those portions of the report or specified proposed findings or recommendations to which objection is made.").

As this Court has previously explained:

> The district court need not consider frivolous, conclusive, or general objections. *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987). Moreover, where the objections are repetitive of the arguments already made to the Magistrate Judge, a *de novo* review is unwarranted. *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993). Instead, the report and recommendation is reviewed by the district judge for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315-16 (4th Cir. 2005) . . . . A court is not required to make new findings of fact independent of those made by the Magistrate Judge. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000). Nor is a court required to reiterate the findings and conclusions of the Magistrate Judge. *Koetting*, 995 F.2d at 40.

*Robertson v. Berryhill*, No. 1:16CV295-HSO-JCG, 2018 WL 1336054, *2 (S.D. Miss. Mar. 15, 2018) (citation omitted) (quoting *Gooding v. Colvin*, No. 1:15cv20, 2016 WL 660932, at * 2 (S.D. Miss. Feb. 18, 2016)). Ultimately, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions." 28 U.S.C. § 636(b)(1).

B.    Plaintiff's Objection [28] to the Report and Recommendation [27]

The Court agrees with Defendant that Plaintiff's objections are general and conclusory. *See* Resp. [29] at 2; Obj. [28] at 1. Plaintiff generally asks "the court [sic] accept my refusal to accept the settlement and to request a hearing to the next level of Court," and argues that her "advisor did not act in [her] behalf in this matter . . . ." Obj. [28] at 1. These are the same arguments she advanced before the Magistrate Judge and at the hearing, at which she offered no evidence other

3

than her own testimony. *See* R. & R. [27] at 3, 7. Considering the conclusory and repetitive nature of these objections, the Court need only determine whether the Magistrate Judge's findings in the Report and Recommendation [27] are clearly erroneous, and the Court finds based upon the record that they are not. *See Battle*, 834 F.2d at 421; *Robertson*, 2018 WL 1336054, at *2.

But even under a de novo review, the Report and Recommendation [27] should nonetheless be adopted. The Objection [28] advances the same arguments Plaintiff alleged in her Response [21] and at the evidentiary hearing, which were thoroughly addressed in the Magistrate Judge's Report and Recommendation [27]. *See* Resp. [21]; R. & R. [27] at 5-6. Plaintiff's unsworn Objection [28] proffers no new argument or additional legal authority, nor does it point to any new evidence to support her position. *See Zhu v. UBS Fin. Servs.*, No. 3:22-CV-239-L-BH, 2022 WL 15535258, at *1 (N.D. Tex. Oct. 27, 2022) ("The unsworn assertions in Plaintiff's objections [to a report from the magistrate judge], however, do not qualify as evidence."). Given "the repetitive nature of Plaintiff's Objection, the Court finds it unnecessary to make new findings of fact or to reiterate the findings and conclusions of the Magistrate Judge." *Robertson*, 2018 WL 1336054, at *2; *see also Warren*, 230 F.3d at 694-95; *Koetting*, 995 F.2d at 40.

Having conducted an independent de novo review of the record and those matters raised in Plaintiff's Objection [28], the Court finds that it should be overruled. The Court will adopt the Magistrate Judge's Report and

4

Recommendation [27] as the opinion of this Court and will grant Defendant's Motion [16]. The Court will also dismiss the Complaint [1-2].

### III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff Toni Nettles Johnson's Objection [28] is **OVERRULED**, and that the Report and Recommendation [27] of United States Magistrate Bradley W. Rath, entered on February 4, 2026, is **ADOPTED** as the finding of this Court.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that, Defendant City of Moss Point, Mississippi's Motion [16] to Enforce Settlement is **GRANTED**, and Plaintiff's Complaint [1-2] is **DISMISSED WITH PREJUDICE**. The Court will enter a separate final judgment in accordance with Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED**, this the 3rd day of March, 2026.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE